IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **EDWARD NELLSON,**<br><br>  *Plaintiff,*<br><br>v.<br><br>**UNITED STATES BUREAU OF PRISONS**,<br><br>  *Defendant.* | **Case No. 1:21-cv-00932-STV**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION TO RESTRICT ACCESS TO SUPPLEMENTAL EXHIBIT TO PLAINTIFF'S REPLY IN SUPPORT OF PRELIMINARY INJUNCTION

Counsel for Plaintiff Edward Nellson, pursuant to Local Rule 7.2, hereby files this Motion to Restrict Access to Supplemental Exhibit 2 to Plaintiff's Reply in Support of Preliminary Injunction in accordance with this Court's Level 1 restrictions. In support thereof, Plaintiff states:

Local Rule 7.2 ask that Plaintiff's Motion to Restrict (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.

Plaintiff addresses each of these components below.

## ARGUMENTS AND AUTHORITIES

Plaintiff respectfully requests that this Court place the Supplemental Exhibits to Plaintiff's Reply in Support of his Preliminary Injunction under seal so as to protect Plaintiff's personal information from improper dissemination. The Exhibit is a declaration by Dr. Jade Norton and contains sensitive information regarding the conditions of Mr. Nellson's confinement.

"It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest." *Hardman v. Unified Gov't of Wyandotte Cnty. & Kan. City*, No. 19-2251-KHV-TJJ, at *1 (D. Kan. Aug. 7, 2020) (internal citation omitted). However, the public's right of access is not absolute:

> Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.

*Id.* (quoting *Hardman v. Unified Gov't of Wyandotte Cnty. & Kan. City*, No. 19-2251-KHV-TJJ, at *2 n.3 (D. Kan. Aug. 7, 2020) (internal quotation marks omitted)).

The party seeking to overcome the strong presumption of public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents. *United States v. Read-Forbes*, CRIMINAL ACTION No. 12-20099-01-KHV, at *1 (D. Kan. Aug. 11, 2020) (citing *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020); *Colony*

*Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks and citation omitted)). To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. *Id.* (*Colony Ins.*, 698 F.3d at 1241; *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements")).

In this case, Mr. Nellson seeks to place under seal a declaration that contains sensitive information about the conditions of Mr. Nellson's confinement. Therefore, Mr. Nellson not only seeks to seal his records but asks that such seal be permanent because this declaration will forever retain their sensitive nature. However, Information regarding pertinent information surrounding the conditions of Mr. Nellson's confinement, including Exhibit A to the Plaintiff's Reply, which is a declaration summarizing a conversation with the same individual whose declaration is being filed under seal. Thereby, the matter is not entirely outside the public's view, giving the public some access without unnecessarily invading Mr. Nellson's privacy. This creates a balance between his request to seal his medical records and the public's right to access court documents.

## PRAYER FOR RELIEF

Based on the above, Mr. Nellson respectfully asks the Court to seal the supplemental Exhibits 2 to Plaintiff's Reply in Support of his Preliminary Injunction in accordance with this Court's Level 1 restrictions, so that the parties and the court have access, but the records are protected from public dissemination.

Respectfully submitted this 2nd day of July 2021,

/s/ Maria-Vittoria G. Carminati
Maria-Vittoria G. Carminati
NDH LLC
1312 17th Street, Unit 2010
Denver, CO 80202
720.445.5655

mvcarminati@ndh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June 2021, I electronically filed the foregoing using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Maria-Vittoria G. Carminati
Maria-Vittoria G. Carminati